UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELAINE WALTON | CIVIL ACTION NO. 14-cv-1122 |
| VERSUS | JUDGE FOOTE |
| RANDAL DANIEL, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Plaintiff filed this action in state court based on an allegation she slipped on a lemon and fell at an Outback restaurant in Bossier City, which caused injuries including a broken hip, shoulder, and femur. The named defendants were Outback, its insurer, and Randal Daniel. Plaintiff alleged that Daniel was a co-owner of the business. Outback and its insurer removed the case based on an assertion of diversity jurisdiction. Outback acknowledged that Plaintiff and defendant Daniel appear to both be Louisiana citizens, which would destroy diversity, but Outback asserted that the citizenship of Daniel should be ignored pursuant to the improper joinder doctrine, which is outlined in Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004). Outback contends that Daniel is not an owner, is a mere employee, and bears no potential fault for the accident.

Plaintiff has not challenged the improper joinder plea, but the court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative. Gasch v. Hartford Acc & Indem. Co. 491 F.3rd 278, 281 (5th Cir. 2007).

If Plaintiff contests the assertion that Daniel was improperly joined, she must file a motion to remand, supported by a memorandum, by **July 11, 2014** and explain why there is a reasonable basis to predict that state law would allow Plaintiff to recover against Daniel. If Plaintiff timely files a motion to remand, it will be noticed for briefing so that the defendants can respond and attempt to meet their burden on the improper joinder issue.

If Plaintiff does not timely file a motion to remand and challenge the improper joinder plea, the court will consider Plaintiff to concede the point, Daniel will be dismissed, and the court will promptly set a scheduling conference. Plaintiff may speed the process, if she concedes that Daniel was improperly joined, by notifying the court of that fact and requesting dismissal of Daniel.

On another note relating to jurisdiction, Plaintiff is described in the notice of removal as a "resident" of Louisiana. It appears that her petition does not include a reference to her citizenship status. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may be resident of several states simultaneously, but she has only one domicile. The court will deem that all parties agree Plaintiff is a domiciliary/citizen of Louisiana unless objection is raised before the July 11 deadline.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of June, 2014.

Mark L. Hornsby
U.S. Magistrate Judge