UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ELAINE WATSON                                CIVIL ACTION NO. 14-cv-1122

VERSUS                                       JUDGE FOOTE

RANDAL D. DANIEL, JR.                        MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Elaine Watson ("Plaintiff") was a customer at the Outback Steakhouse Restaurant in Bossier City, Louisiana when she stepped on something, believed to be a lemon, and fell. Plaintiff claims to have suffered a broken left hip and femur (requiring surgery), a lumbar disk injury that requires continual injections, and a broken right shoulder that may require replacement surgery.

Plaintiff (Louisiana) filed suit in state court and named as defendants Outback Steakhouse of Florida, LLC (Delaware, Florida), National Union Fire Insurance Company of Pittsburgh, PA (Pennsylvania, New York) and Randal Daniel, Jr. (Louisiana).  Plaintiff alleged in her petition that Daniel was listed on the front of the restaurant as its "proprietor" and that he, as a co-owner with Outback, was vicariously liable for the actions of restaurant employees.

Defendants removed the case based on diversity jurisdiction despite both Plaintiff and Daniel being citizens of Louisiana.  Defendants asserted that Daniel was improperly joined because he was a mere employee of Outback and not an owner of the restaurant.

The court issued an order and directed Plaintiff to file a motion to remand if she contested the assertion that Daniel was improperly joined.  Plaintiff responded by filing an amended complaint (Doc. 9) in which she added to her allegations against Daniel and added three new entity defendants who were alleged to be involved in the ownership or operation of the restaurant.  Plaintiff also filed a Motion to Remand (Doc. 11).  Defendants have opposed the motion and filed a Motion to Strike (Doc. 15) the amended complaint.  For the reasons that follow, it is recommended that the motion to remand be denied, the motion to strike be granted, and all claims against Daniel be dismissed.

**Improper Joinder**

The statutes that allow removal based on diversity have been interpreted to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff.  That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of her home state and defeat removal.  To prevent such shams, the "judge-imported concept of fraudulent joinder" was developed.  Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968).  The Fifth Circuit now uses the term "improper joinder" to describe the doctrine.  Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  Only the second way is at issue in this case.  That second test asks whether the defendant has demonstrated there is no reasonable basis for the federal court to predict the plaintiff might be able to recover against the in-state defendant. Smallwood, 385 F.3d at 573; Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003).

The "no reasonable basis" contest may take place in two different settings. In the first, the defendant challenges the adequacy of the plaintiff's pleadings, without the submission of evidence. The court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant.  Smallwood, 385 F.3d at 573.  Any ambiguities in state law must be resolved in favor of the plaintiff.  Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 405 (5th Cir. 2004).

But merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant does not necessarily mean that the joinder of the resident defendant is proper.  The second setting for the "no reasonable basis" contest permits the defendant to challenge the plaintiff's allegations and attempt to demonstrate by summary judgment-type evidence that the plaintiff is unable to prove all of the facts necessary to prevail.  The court has discretion in those circumstance to pierce the pleadings and analyze the improper joinder claim based on that evidence.  Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 542 (5th Cir. 2004).  Defendants challenge some aspects of the claims against Daniel on the face of the pleadings, and they offer evidence to contest others.

**Facts Relevant to Daniel**

Plaintiff alleged in her state court petition that, upon information, Daniel and Outback were "co-owners of the restaurant" and, thus, liable for her fall.  Plaintiff alleged that "at least one staff member on duty" had been advised of the presence of the foreign material on the floor and had been requested to clean it up but had not done so.  Plaintiff alleged that Daniel and Outback were vicariously liable for the negligent actions of their employees who failed to maintain a safe premises, tolerated foreign material on the floor and a walkway, failed to properly maintain the premises, and the like.  Plaintiff also alleged that there was a failure to adequately train staff members regarding cleanup, failure to properly monitor the activities of staff members, and similar managerial failures.

There was a window above the front doors of the Bossier City restaurant on which was embossed in large letters: "Proprietor: Randy Daniel."[1]  Defendants contend that this title, apparently commonly used to describe managers at Outback restaurants, does not mean Daniel owned the business.  Daniel testifies in an affidavit attached to the notice of removal as Exhibit C that he is "employed by Outback Steakhouse of Florida, LLC in the position of proprietor."  He adds:  "I do not own any part of the restaurant premises" and "am an employee of the company."  He also testifies that he did not "personally employee any individual working at Outback Steakhouse on the night of the alleged incident."  Outback also offered the affidavit of company official Tiffany Rebstock who testified that the

---

[1]Motion to Remand, Doc. 11, Exhibit A.

allegation that Daniel was a co-owner of the Bossier restaurant was "false" because "Daniel does not own any part of the restaurant premises" located in Bossier and did not own any stake or share in Outback Steakhouse of Florida, LLC.

Plaintiff seized upon the language in the affidavits that denied Daniel owned any part of the "restaurant premises" as not excluding the possibility that Daniel did own part of the restaurant business so that he might be vicariously liable for the acts of employees. Plaintiff pointed out that a complicated business structure is often used in connection with the restaurants, and she speculated that the restaurant might actually be owned by OSF Louisiana Services, Ltd. (named as a new defendant in the amended complaint) and that Daniel was a limited partner in that entity so that his citizenship would once again destroy diversity.

Ms. Rebstock responded with another affidavit (Doc. 15, Exhibit 1) in which she made clear that Daniel "is not now and has never been a limited partner of OSF Louisiana Services, Ltd."  She explained that Daniel is technically employed by OS Restaurant Services, LLC (also named as a defendant in the amended complaint) pursuant to a Proprietor Employment Agreement.  OS is closely affiliated with Outback Steakhouse of Florida, LLC and leases employees such as Daniel to Outback under a master services employment agreement.  Rebstock testifies that Daniel is assigned to Outback to serve as the proprietor, also sometimes called a managing partner, of the restaurant in Bossier City.  "However, Mr. Daniel does not have and has never had any ownership interest in the restaurant, the entity that owns the property where the restaurant sits or the operating assets of the restaurant."

**Daniel Was Improperly Joined**

   **A. Not an Owner or Partner in an Owner**

   Defendants have satisfied their burden of establishing that Daniel is not the owner of the restaurant or employer of its employees so that he might be vicariously liable for the actions of the employee(s) potentially responsible for dropping or leaving the item on the floor that caused Plaintiff's fall.  Plaintiff contends that the relationship of the various entities connected to the restaurant is complicated and that, with discovery, Plaintiff might somehow establish that Daniel is an owner of the restaurant despite all of the evidence to the contrary. Plaintiff proposes that she be allowed to conduct discovery and obtain copies of every services agreement, contract, partnership agreement, or the like related to the Bossier restaurant.  Plaintiff suggests that Daniel or other Louisiana citizens may be partners in OSF Louisiana Services, Ltd. and that OSF may actually be the owner of the restaurant business.

   Ms. Rebstock has testified that OSF's general partner is Outback Steakhouse of Florida, LLC and its only remaining limited partner is the proprietor of a restaurant in Baton Rouge.  At one time, Rebstock testifies, OSF was associated with the Outback restaurant in Bossier City so that certain managerial level employees associated with that restaurant also held limited partnership interests in the restaurant, but that relationship ceased by October 11, 2010, long before the accident at issue in this case.  She adds that OSF is not, and was not at the time of Plaintiff's accident, the "employer, owner, operator or tenant of the Restaurant."   She also testifies: "Mr. Daniel has never been a limited partner in OSF Louisiana Services, Ltd."

The burden was on Defendants to show that Plaintiff was incorrect in her allegation that Mr. Daniel was a proprietor of the restaurant in the sense that he could be vicariously liable for the negligence of its employees.  Defendants have offered considerable evidence from Mr. Daniel and a company official to explain that Daniel is an employee at the restaurant but has no ownership interest that would make him vicariously liable or that would attribute his citizenship to an entity that does own the restaurant.  Plaintiff has offered no competing evidence other than the "proprietor" sign above the front door, and the record is clear that the term does not equal business owner in this setting.  Absent any other indication that Daniel is an owner of the restaurant business, the court should not exercise its discretion to allow discovery to further explore the ownership issue and prolong this jurisdictional dispute.

### B. No Direct Personal Liability

Plaintiff's original petition alleged that Daniel was vicariously liable as an owner of the business; it did not allege that he was directly liable for any personal action or inaction related to the slip and fall.  In the post-removal amended complaint, Plaintiff set forth for the first time a theory and related allegations that Daniel is a proper defendant based on his personal liability as manager at the time of the accident.  Plaintiff's effort to assert a new theory of liability against Daniel comes too late.  The Fifth Circuit has indicated that a Plaintiff facing an improper joinder plea may not attempt to state a claim against the non-diverse defendant "under a legal theory not alleged in the state court complaint."  Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995).  See also May v. Texaco,

73 Fed. Appx. 78, *2 (5th Cir. 2003) ("allegations made only in an amended complaint are beyond the scope of review for fraudulent joinder"). That is consistent with the general rule that "a complaint amended post-removal cannot divest a federal court of jurisdiction." Id. at 264.

The new theory does not defeat removal even if it is considered. Louisiana law on the issue of employee liability is found in Canter v. Koehring Co., 283 So.2d 716, 721 (La. 1973). Among the requirements for imposing personal liability on a managerial employee is that he breached his duty through personal rather than technical or vicarious fault. Such fault cannot be imposed upon the employee simply because of his general administrative responsibility. Because of these requirements, courts have routinely held that retail store and restaurant managers were not personally liable for a customer's injury on a store premises when the manager had no connection to the accident other than general managerial responsibilities. See, e.g., Carter v. Wal-Mart Stores Inc., 2005 WL 1831092 (W.D. La. 2005) (Drell, J.) (plaintiffs, who metal display rack fell on, had no claim against Wal-Mart managers and employee); Carino v. Wal-Mart Louisiana, LLC, 2006 WL 335784 (W.D. La. 2006) (Melancon, J.) (collecting cases where injured customers were found to have no claim against store managers); and Henry v. O'Charley's, Inc., 861 F.Supp.2d 767 (W.D. La. 2012)(Kay, Mag. J.) (restaurant manager not personally liable when customer slipped and fell in water).

Plaintiff has offered only generic allegations that Daniel did not properly supervise and train employees, develop inspection procedures, and the like. She has not offered any

allegations that Daniel had any direct, personal involvement in acts or omissions related to her alleged fall.  Daniel, in his affidavit, testifies that he "did not personally place and/or have prior knowledge of any substance or foreign item on the floor of the Outback Steakhouse at or around the time of plaintiff's alleged fall."  He adds: "I was not present in the dining area or bar at the time of the alleged accident.  Rather, I was in the kitchen—an entirely different part of the restaurant—when the alleged accident occurred."  Defendants have met their burden of showing that there is no reasonable basis for this court to predict that Plaintiff might be able to recover against Daniel in connection with her fall.  The court may, therefore, ignore Daniel's citizenship.

### C. Dismissal of Daniel

A finding of improper joinder is tantamount to granting summary judgment dismissing the defendant who was improperly joined.  Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 102 (5th Cir. 1990)("summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery"). It is, therefore, recommended that the court grant summary judgment *sua sponte* and dismiss all claims against Randal Daniel. Plaintiff's opportunity to fully brief the improper joinder issue and her current opportunity to file objections to this report and recommendation satisfy the notice requirement of Rule 56.  See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

**The Amended Complaint**

### A. Introduction

Plaintiff filed an amended complaint within 21 days after Defendants filed an answer. The timing of the amendment meant that Plaintiff was able to do so without first obtaining leave of court.  The amendment attempts to amplify the allegations against Mr. Daniel (discussed above) and adds three new entities that are alleged to be associated with the restaurant and that may destroy diversity.

Defendants responded to the amended complaint with a motion to strike.  Plaintiff argues that a motion to strike under Fed. R. Civ. Pro. 12(f) is not appropriate because there is nothing in the amended pleading that is "redundant, immaterial, impertinent, or scandalous."  That may be true, but the court retains discretion as to whether to allow the filing of the amendment even though Rule 15 allowed the Plaintiff to file it without leave of court.  That is because a party may not employ Rule 15 to file an amendment that would add a non-diverse party and deprive the court of jurisdiction over a removed action.  Young Scholars Child Dev. Ctr., Inc. v. Colony Ins. Co., 2010 WL 797848 *2 (W.D. La. 2010); Whitworth v. TNT Bestway Transp., Inc., 914 F.Supp. 1434, 1435 (E.D. Tex. 1996).

### B. Hensgens Review

If after removal a plaintiff seeks to join a new defendant whose joinder would destroy subject matter jurisdiction, the court may (1) deny joinder or (2) permit joinder and remand the case.  28 U.S.C. § 1447(e).  The court's decision of the issue is guided by the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). See also Cobb v. Delta

Page 10 of  15

Exports, Inc., 186 F.3d 675, 678-79 (5th Cir. 1999).  Although leave to amend is ordinarily

freely granted, Hensgens instructs that when a district court is faced with an amendment that

adds a non-diverse party it "should scrutinize that amendment more closely than an ordinary

amendment."  Id. at 1182.

The court must balance the defendant's interests in maintaining the federal forum with

the competing interest of not having parallel lawsuits.  Factors to be considered include (1)

the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2)

whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff

will be significantly injured if the amendment is not allowed, and (4) any other factors

bearing on the equities.  Hensgens, 833 F.2d at 1182; Hawthorne Land Co. v. Occidental

Chemical Corp., 431 F.3d 221, 227 (5th Cir. 2005).

### C. New Private Restaurant Properties, LLC

The first new defendant is New Private Restaurant Properties, LLC ("NPRP"), which

the amended complaint alleges is listed in Bossier Parish tax records as the owner of the

Outback Steakhouse Restaurant.  Defendants contend that the addition of NPRP would not

destroy diversity, but the information they provide does not make that certain.  They proceed

through the layers of the LLC until reaching a corporation, OSI HoldCo., Inc.  They then

proceed to describe the ownership of that corporation, but they do not state its state of

incorporation and principal place of business, so citizenship of NPRP is not yet clear.

Ms. Rebstock testifies that NPRP owns the land on which the restaurant is located and

leases it to Outback Steakhouse of Florida, LLC, which owns and operates the restaurant.

She adds that NPRP was not involved in the management or operation of the restaurant at any time.  Plaintiff agrees that NPRP is not necessary to this litigation if it merely owned the land, it, and she offers to stipulate to dismissal of NPRP if Defendants will stipulate they will not refer to NPRP at trial or raise its comparative fault.

Given the absence of any indication of potential liability of NPRP, the court should not allow the amendment to add it as a new defendant, which could further complicate this case and potentially destroy diversity.  Plaintiff may explore through discovery any contentions Defendants may have as to comparative fault and, if Defendants assert NPRP bears any responsibility, she may again seek leave to amend and make her own claims against that entity.  At this point, however, there is no reason for NPRP to be a defendant in this case.

### D. OSF Louisiana Services, Ltd.

The second new defendant proposed by the amended complaint is OSF Louisiana Services, Ltd.  Defendants offer some of the organizational information about the entity.  It is not complete, but Defendants do say that at least one limited partner is the proprietor of a restaurant in Baton Rouge and is a Louisiana citizen.  The addition of this defendant would, therefore, destroy diversity.

Ms. Rebstock testifies that OSF was at one time associated with the restaurant in Bossier City, but that relationship ended by October 2010, prior to the date of the alleged accident at issue.  By the time of the accident, OSF was no longer associated with any operations of the Bossier City restaurant.  Plaintiff has offered no evidence to the contrary

and, again, offers to stipulate to the dismissal of OSF if the Defendants will not raise its comparative fault at trial.  Given the absence of any indication of potential liability of OSF and that it will destroy diversity if added to the suit, the court should exercise its discretion under <u>Hensgens</u> to deny the addition of this defendant.  There will be no significant injury to Plaintiff by disallowing the amendment because there is no indication of potential liability, and it appears the primary purpose of the proposed amendment is to defeat federal jurisdiction.

### E. OS Restaurant Services, LLC

The third proposed new defendant is OS Restaurant Services, LLC ("OS").  Plaintiff alleges that OS and Mr. Daniel contracted with the parent Outback entity to run the day-to-day business operations of the restaurant, making OS potentially liable for the accident. Defendants explain that OS and Outback Steakhouse of Florida, LLC are parties to a master employment services agreement whereby OS hires the employees who staff the restaurant. OS then leases the employees to Outback Steakhouse of Florida, LLC, who then controls the work of the employees.

Defendants represent that OS has one member, Outback Steakhouse of Florida, LLC. The layers of membership in that entity show that it is a citizen of Delaware and Florida. Thus, even if there were a valid argument that OS is a proper defendant because of potential vicarious responsibility for the negligence of employees at the restaurant, its addition would not defeat diversity.

### F. Conclusion

It appears that Plaintiff's intent in filing the amended complaint was to name as many parties as possible in an effort to destroy diversity of citizenship and defeat federal jurisdiction.  Defendants have shown that the entities that might destroy diversity have no potential liability, so the court should exercise its discretion under <u>Hensgens</u> to disallow the amended complaint and strike it.  The only new defendant that has any possible liability is OS Restaurant Services, LLC, and its addition will not destroy diversity.  If Plaintiff believes that she can state a good-faith claim against that entity under Louisiana respondeat superior principles, she may file within the time allowed by a scheduling order a motion to amend her complaint and add that particular defendant.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion to Remand (Doc. 11)** be **denied** and that summary judgment be granted sua sponte, dismissing with prejudice all claims against Randal Daniel.

**IT IS FURTHER RECOMMENDED** that Defendants' **Motion to Strike (Doc. 15)** be **granted** and that the **Amended Complaint (Doc. 9)** be **stricken**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of January, 2015.

Mark L. Hornsby
U.S. Magistrate Judge